UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**Veolia Water North America – South, LLC,**
    Plaintiff,

v.

**City of Everglades City**,
    Defendant.

CASE NO.
2:18-cv-00785-UA-CM

### Defendant's Memorandum in Support of Defendant's Motion to Dismiss Counts II and III of the Complaint

Defendant hereby requests the Court dismiss counts II and III of the Complaint on the grounds set forth herein.

1. Introduction

Defendant is a small Florida city that enjoys sovereign immunity. Plaintiff is a private, multi-national water and wastewater operator. The facts that led to this lawsuit are more nuanced than what is alleged in the complaint, but even accepting the complaint as true, the complaint fails to state a claim with regard to two of its counts. To keep litigation costs down, in what will likely be a multi-issue dispute, Defendant seeks to remove excess issues by its motion to dismiss.

2. Motion to Dismiss Standard of Review

Rule 12(b)(6), Federal Rules of Civil Procedure, permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. In evaluating a motion to dismiss, the court must accept the factual allegations in the

complaint as true and view those facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions in the complaint, however, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. Count II Fails to State a Cause of Action Upon Which Relief Can Be Granted Because the Florida Prompt Payment Act Does Not Provide a Cause of Action for Contract Indebtedness

The Florida Prompt Payment Act provides a statutory framework for the resolution of payment disputes between vendors and local governments. § 218.76, Fla. Stat. (2018). What the Florida Prompt Payment Act provides is a statutory interest rate that begins to accrue at certain times depending on the actions of the vendor and the local government. *Id.* What the Florida Prompt Payment Act does not provide is any entitlement to contract damages. *Id.*

Plaintiff, in Count II, does not allege that it followed the procedures of the Florida Prompt Payment Act, and therefore that it is entitled to statutory interest. Instead, Plaintiff attempts to use the Florida Prompt Payment Act as an additional basis for its alleged breach of contract damages. Pl.'s Compl., Doc. 1, Count II. This is outside the scope of the act.

Accordingly, Count II should be dismissed.

4. Count III Fails to State a Cause of Action Upon Which Relief Can Be Granted Because Defendant is Immune from Suit

Defendant is immune from suit on an unjust enrichment claim. Accordingly, Count III, a claim for unjust enrichment, fails to state a claim upon

which relief can be granted and should be dismissed. Further, because it is not possible to state such a claim, Count III should be dismissed with prejudice.

Florida cities, such as Defendant, enjoy sovereign immunity from suit. § 768.28(2), Fla. Stat. (2018). "In Florida, sovereign immunity is the rule, rather than the exception," *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984) (*citing* Fla. Const. art. X, § 13). Thus, unless there is a specific statutory provision for, or a waiver by a Florida local government, sovereign immunity prevents a lawsuit against Florida local governments. The Florida legislature has explicitly enacted a limited waiver of sovereign immunity for liability in torts involving personal injury, wrongful death, and loss or injury of property. § 768.28, Fla. Stat. (2018). Additionally, although the Florida Supreme Court has found an implied waiver of sovereign immunity for breach of contract claims, *Pan-Am*, 471 So. 2d at 5-6, that waiver applies to claims for breach of the express and implied conditions of a written contract, not claims totally outside the terms of a written contract. *Cty. of Brevard v. Miorelli Eng'g,* 703 So. 2d 1049, 1051 (Fla. 1997); *see also Champagne-Webber, Inc. v. Ft. Lauderdale*, 519 So. 2d 696, 698 (Fla. 4th DCA 1988).

"[U]njust enrichment is an equitable claim, based on a legal fiction created by courts to imply a 'contract' as a matter of law." *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). Because unjust enrichment claims are not torts, Florida's legislature has not waived sovereign immunity pursuant to section 768.28, Florida Statutes, or any other statute. Because unjust enrichment claims are not based on written contracts, the allegedly enriched government has not waived sovereign immunity either.

Thus, absent a waiver, Florida sovereign immunity bars suit against the state or one of its political subdivisions for unjust enrichment claims. This Court, in interpreting Florida law, has specifically agreed with the above analysis and held that unjust enrichment claims may not be brought against local governments. *Calderone v. Scott*, Case No. 2:14-cv-519-FtM-29CM, 2015 U.S. Dist. LEXIS 50230 at *4-5 (April 16, 2015) (reversed on other grounds); *Llorca v. Rambosk*, Case No. 2:15-cv-17-FtM-29CM, 2015 U.S. Dist. LEXIS 58726 at *4-5 (May 5, 2015).

Accordingly, Count III should be dismissed, with prejudice.

5. Count III Additionally Fails to State a Cause of Action Upon Which Relief Can be Granted Because Plaintiff Has Alleged There Is an Adequate Remedy at Law

Unjust enrichment requires there be no adequate remedy at law. *See Malamud v. Syprett*, 117 So. 3d 434, 439 (Fla. 2d DCA 2013). Because the existence of an express contract provides an adequate remedy at law, a claim for the equitable remedy of unjust enrichment may not be brought if the plaintiff has alleged and the parties therefore are presumed to have an express contract covering the same subject matter as the unjust enrichment claim. *See Rushing v. Wells Fargo Bank, N.A.*, 752 F. Supp. 2d 1254, 1265 (M.D. Fla. 2010); *see also Taylor, Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp.*, Case No. 5:05-cv-260, 2006 U.S. Dist. LEXIS 39728 at *28 (M.D. Fla. June 15, 2006). In *Rushing*, and in this case, the allegations asserted by the plaintiff as unjust enrichment are all within the bounds of the express contract. *Rushing*, 752 F. Supp. 2d at 1265. For this reason, in *Rushing*, the Court dismissed the unjust enrichment count. Further, as addressed more thoroughly in *GMAC*, a count for unjust enrichment fails to state

a claim when it does not allege that the agreement is invalid or unenforceable. *GMAC*, 2006 U.S. Dist. LEXIS 39728 at *28.

Here, Plaintiff has alleged in its complaint, in support of Count III, that there is an express contract between the parties and that Defendant has been "unjustly enriched" in ways that fit entirely within the alleged express contract. Pl.'s Compl., Doc. 1, ¶ 34. In alleging how Defendant was allegedly unjustly enriched, Plaintiff provides a list and every listed item is predicated by the allegation: "Pursuant to the AGREEMENT". *Id.* This one for one overlap shows that the unjust enrichment claim overlaps entirely with the express contract. This case, therefore, is analogous to *Rushing* in which the alleged unjust enrichment claims were simply breach of contract claims under a different name. Accordingly, in Count III itself, Plaintiff has alleged an adequate remedy at law, namely breach of contract.

Accordingly, Count III should be dismissed, and as discussed in section 4 above, it should be dismissed with prejudice.

6. Conclusion

Counts II and III should be dismissed and Count III should be dismissed with prejudice.

### Certificate of Service

I hereby certify that on January 29, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to the counsel or parties of record on the below Service List.

Respectfully,

By: */s/ Zachary W. Lombardo, Esq.*
J. Christopher Lombardo, Esq.
Florida Bar No. 372641
TRIAL COUNSEL
Lenore T. Brakefield, Esq.
Florida Bar No. 11083
Zachary W. Lombardo, Esq.
Florida Bar No. 117530
**WOODWARD, PIRES**
**& LOMBARDO, P.A.**
3200 Tamiami Trail North, Suite 200
Naples, Florida 34103
(239) 649-6555 Facsimile (239) 649-7342
clombardo@wpl-legal.com
clabadie@wpl-legal.com
lbrakefield@wpl-legal.com
lliy@wpl-legal.com
zlombardo@wpl-legal.com
lcompton@wpl-legal.com
*Counsel for Defendant, the City of Everglades City*

**Service List**

CASE NO. 2:18-cv-00785-UA-CM

David J. Larson, Esq.
*Pro Hac Vice Pending*
Harold Lang, III, Esq.
Florida Bar No. 21060
**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
2601 South Bayshore Drive, Suite 1500
Coconut Grove, Florida 33133
(305) 455-9500 Facsimile (305) 455-9501
dlarson@wwhgd.com
hlang@wwghd.com
*Counsel for Veolia Water North America – South, LLC*