UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VEOLIA WATER NORTH AMERICA -
SOUTH, LLC, a Delaware
limited liability company,

    Plaintiff,

v.                        Case No: 2:18-cv-785-FtM-99UAM

CITY OF EVERGLADES CITY, a
Florida municipality,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Counts II and III for Failure to State a Claim (Docs. ##22, 22-1) filed on January 29, 2019. Plaintiff filed a Response (Doc. #26) on February 8, 2019, and defendant replied (Doc. #30). For the reasons stated below, the Motion is granted in part and denied in part.

**I.**

This case arises out of an operations and maintenance services contract between plaintiff Veolia Water North America - South, LLC (VWNA) and Everglades City ("the City") for water and waste treatment. Plaintiff's Complaint (Doc. #1) alleges claims for breach of contract (Count I), violation of Florida's Prompt Payment

Act, Fla. Stat. § 218.70, et seq.[1] (Count II), and unjust enrichment (Count III). Federal jurisdiction is based on complete diversity of citizenship.

The Complaint sets forth the following facts: The City owns a Ground Water-Membrane Treatment Plant and a Wastewater Treatment Plant (collectively "the Treatment Plants") located in Collier County, Florida. (Id., ¶ 7.) On or about April 3, 2013, the State of Florida Department of Environmental Protection entered a Consent Order ("the Consent Order") with the City to resolve various violations at the Treatment Plants. (Id. ¶ 9.) The Consent Order required the City to comply with applicable rules for "operating and maintaining the Wastewater Treatment Plant in order to avoid soil and groundwater pollution." (Id.) Due to various circumstances, the City was unable to provide for the operation, maintenance, and repair of the Treatment Plants internally. (Id. ¶ 10.)

On or about November 7, 2017, the City entered into an agreement with VWNA, a company which operates water treatment and wastewater facilities ("the Agreement").[2] (Id., ¶¶ 8, 11.) The Agreement required VWNA to provide construction services to

---

[1] The statute may also be cited as the "Local Government Prompt Payment Act."

[2] A copy of the Agreement is attached to the Complaint as Doc. #1-1.

2

operate, maintain, repair, and perform other improvements to the Treatment Plants. (Id., ¶ 11.) The Agreement expressly contemplated that VWNA would provide the necessary labor, services, and materials in connection with the operation, maintenance, and repair of the Treatment Plants for one year commencing on November 8, 2017. (Id., ¶ 12.) Thereafter, the Agreement would automatically renew for successive one-year terms unless either party cancelled the agreement in writing "no less than 120 days prior to expiration." (Id. ¶ 12.)

Pursuant to Section 9.1 of the Agreement, the Agreement was automatically renewed, the initial term was extended until November 7, 2019, and VWNA made all necessary arrangements to perform under the extended Agreement. (Doc. #1, ¶ 13.) Per the Agreement, the City "agreed to compensate VWNA in twelve monthly installments" and plaintiff asserts that as a municipality and in furtherance of its financial obligations under the Agreement, the City was bound and obligated to make payments to VWNA in accordance with Florida's Prompt Payment Act, Fla. Stat. § 218.70, et seq. (Id., ¶ 14.)

On or about September 11, 2018, the City breached the Agreement by failing to pay for services, and on or about September 28, 2018, the Agreement was terminated as a result of the City's material breach. (Doc. #1, ¶¶ 15, 16.) As of November 2018, the City owed VWNA in excess of $445,000.00 for billed invoices, and

reimbursable expenses owed under the Agreement for work and services performed through November 2018. (Id., ¶ 17.) VWNA is also owed lost profits arising out of the Agreement's extension through November 7, 2019. (Id.)

The City moves to dismiss Count II, arguing that the Florida Prompt Payment Act does not create a cause of action. The City also moves to dismiss Count III, arguing that it enjoys sovereign immunity from an unjust enrichment claim.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take

4

them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

**A. Florida Prompt Payment Act (Count II)**

The City argues in two short paragraphs with no citation to any case law that Count II should be dismissed for two reasons. First, the City argues that the Florida Prompt Payment Act does not create a cause of action for contract indebtedness. Instead, the City asserts that the Florida Prompt Payment Act provides a statutory interest rate that begins to accrue at certain times depending on the actions of the vendor and local government. (Doc. #22-1, p. 2) (citing Fla. Stat. § 218.76). Second, the City argues

5

that VWNA is not entitled to statutory interest because VWNA did not allege that it followed the procedures of the Florida Prompt Payment Act. (Doc. #22-1, p. 2).

### 1. Cause of Action for Contract Indebtedness

Generally, absent an expression of legislative intent to create a private right of action, a private right of action is not implied. See Villazon v. Prudential Health Care Plan, Inc., 843 So. 2d 842, 852 (Fla. 2003). The Court finds that Florida's Prompt Payment Act does contemplate a private right of action for contract indebtedness. Section 218.76 of the Act governs resolution of disputes regarding invoice payments and states that a court could decide the dispute. Under this section, there is a detailed process in which the parties must engage for dispute resolution, and if that process fails, an action may be brought "to recover amounts due under this part, [and] the court shall award court costs and reasonable attorney's fees, including fees incurred through appeal, to the prevailing party." Fla. Stat. § 218.76(3).

The Court notes that in this case the Prompt Payment Act count appears redundant of the breach of contract claim. The Agreement expressly contemplates that invoices will be paid according the Prompt Payment Act, stating:

> 7.6 . . . Should individual invoices be submitted for payment, Owner (the City) shall pay such invoices pursuant to the Florida Prompt Payment Act, including any interest due under the Florida Prompt Payment Act.

6

(Doc. #1-1, ¶ 7.6.)  The breach of contract count specifically alleges that the City materially breached the Agreement in part by failing to timely pay invoices in compliance with the Florida Prompt Payment Act and failing to include interest due under the Florida Prompt Payment Act.  (Doc. #1, ¶ 22.)  Defendant, however, has not cited any authority prohibiting causes of action for both breach of contract and a claim for indebtedness under Florida Statute § 218.70.  Thus, both claims survive at this point in the case, although plaintiff could not recover double damages.

### 2. Dispute Resolution Procedures

The City fails to set forth which procedures VWNA failed to follow, but apparently refers to the dispute resolution process the Court discussed above that is outlined at Fla. Stat. § 218.76. However, VWNA's Complaint alleges that "[a]ll conditions precedent to the maintenance of this action . . . have been performed, have been waived, or would have been proven futile if performed." (Doc. #1, ¶ 5).  Further, VWNA alleges that it "timely submitted invoices to City in accordance with the Act to ensure prompt payment under the Agreement."  (Id., ¶ 28).  These allegations are sufficient. See Fed. R. Civ. P. 9(c).

### B. Unjust Enrichment (Count III)

The City argues that it enjoys sovereign immunity from VWNA's unjust enrichment claim and that VWNA failed to state a cause of action upon which relief can be granted because the existence of

an express contract provides an adequate remedy at law. VWNA responds that the Complaint adequately asserts alternative claims for breach of an express contract and unjust enrichment, conceding that it may only recover in unjust enrichment if the express contract claim fails.

Because a claim must first be legally sufficient before it will be afforded sovereign immunity protection, Florida Fish and Wildlife Conservation Comm'n v. Daws, 256 So. 3d 907, 914 (Fla. 1st DCA 2018), the Court first considers whether Count III states a claim. The Court finds that it does state a plausible claim.

**1. Cause of Action for Unjust Enrichment**

A claim for breach of a contract implied in law is also known as "unjust enrichment." Della Ratta v. Della Ratta, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2008). "In Florida, a claim for unjust enrichment is an equitable claim based on a legal fiction which implies a contract as a matter of law even though the parties to such an implied contract never indicated by deed or word that an agreement existed between them." 14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc., 43 So. 3d 877, 880 (Fla. 1st DCA 2010). "Unjust enrichment cannot apply where an express contract exists which allows the recovery." Atlantis Estate Acquisitions, Inc. v. DePierro, 125 So. 3d 889, 893 (Fla. 4th DCA 2013); Fulton v. Brancato, 189 So. 3d 967 (Fla. 4th DCA 2016). A claim of unjust enrichment requires VWNA to show by at least a preponderance of

the evidence that: (1) VWNA conferred a direct benefit on the City, (2) the City had knowledge of the benefit, (3) the City accepted or retained the conferred benefit, and (4) the benefit was conferred under circumstances which make it inequitable for the City to retain the benefit without paying its fair value. Resnick v. AvMed, Inc., 693 F.3d 1317, 1328 (11th Cir. 2012); CMH Homes, Inc. v. LSFC Co., LLC, 118 So. 3d 964, 965 (Fla. 1st DCA 2013); Malamud v. Syprett, 117 So. 3d 434, 437 (Fla. 2d DCA 2013).

Here, although there is an express contract between the parties, a claim of unjust enrichment may be presented as an alternative count to the express contract claim. See Fed. R. Civ. P. 8(d)(2) and (3). As a breach of contract claim and an unjust enrichment claim are alternative claims, the latter may not be barred until an express enforceable contract between the parties is established. See Williams v. Bear Stearns & Co., 725 So. 2d 397, 400 (Fla. 5th DCA 1998). Furthermore, VWNA has plausibly alleged the elements of an unjust enrichment claim in order to avoid dismissal. Thus, the City's Motion to Dismiss Count III on the ground that it fails to state a claim upon which relief may be granted is denied.

### 2. Sovereign Immunity

While Count III states a plausible unjust enrichment claim, the City seeks dismissal on the basis of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be

sued without its consent." Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011). In Florida municipalities are afforded sovereign immunity to the same extent as the State, Town of Gulf Stream v. Palm Beach Cnty., 206 So. 3d 721, 725 (Fla. 4th DCA 2016); Fla. Stat. § 768.28(2), and "sovereign immunity is the rule, rather than the exception." Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So. 2d 4, 5 (Fla. 1984) (citing Fla. Const. art. X, § 13). Thus, absent a waiver, Florida sovereign immunity bars suit against the state or one of its political subdivisions. Id.

Florida's legislature has explicitly waived sovereign immunity for liability in torts involving personal injury, wrongful death, and loss or injury of property. Fla. Stat. § 768.28. Because unjust enrichment claims are not torts, Florida's legislature has not waived sovereign immunity pursuant to Fla. Stat. § 768.28.

The Florida Supreme Court has found an implied waiver of sovereign immunity for certain breach of contract claims. Pan-Am, 471 So. 2d at 5-6. That waiver only applies to "suits on express, written contracts into which the state agency has statutory authority to enter." Id. at 6. Sovereign immunity is waived for claims of breach of express and implied covenants of a written contract, but not for claims outside the terms of the written contract. County of Brevard v. Miorelli Eng'g, 703 So. 2d 1049, 1051 (Fla. 1997).

VWNA argues that its unjust enrichment claim falls within the scope of Pan-Am because it has an express, written agreement with the City. But, as discussed above, the existence of an express contract with the City, if valid as VWNA asserts, is the death knell for an unjust enrichment claim. Additionally, the contract itself does not waive the City's sovereign immunity. See Section 8.8 of the Agreement. Municipalities continue to enjoy sovereign immunity from quasi-contractual claims such as unjust enrichment. City of Fort Lauderdale v. Israel, 178 So. 3d 444, 446-48 (4th DCA 2015); Brevard County v. Morehead, 181 So. 3d 1229, 1232-33 (5th DCA 2015). The Motion to Dismiss Count III based on sovereign immunity is granted.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Counts II and III for Failure to State a Claim (Doc. #22) is **GRANTED IN PART AND DENIED IN PART.** The Motion is denied as to Count II and granted as to Count III, which is dismissed with prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of April, 2019.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record