UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VEOLIA WATER NORTH AMERICA -
SOUTH, LLC, a Delaware
limited liability company,

    Plaintiff,

v.                         Case No:  2:18-cv-785-FtM-99NPM

CITY OF EVERGLADES CITY, a
Florida municipality,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Counter-Defendant Veolia Water North America – South, LLC's (VWNA) Motion to Dismiss First Amended Counterclaim (Doc. #51) filed on August 30, 2019. Counter-Plaintiff the City of Everglades City (the City) filed a Response in Opposition (Doc. #54) on September 23, 2019 and VWNA filed a Reply (Doc. #58). For the reasons set for the below, the Motion is granted with leave to amend.

**I.**

This case arises out of an operations and maintenance services contract between plaintiff VWNA and the City for water and waste treatment. Plaintiff's Complaint (Doc. #1) alleges claims for breach of contract (Count I), violation of Florida's Prompt Payment Act, Fla. Stat. § 218.70, et seq. (Count II), and unjust enrichment (Count III), but the Court previously dismissed Count III with

prejudice based on sovereign immunity. (Doc. #37.) The City filed an Amended Counterclaim (Doc. #42) on June 12, 2019, alleging one count for equitable accounting. VWNA moves to dismiss for failure to state a claim.

The Complaint sets forth the following facts: The City owns a Ground Water-Membrane Treatment Plant and a Wastewater Treatment Plant (collectively "the Treatment Plants") located in Collier County, Florida. (Doc. #1, ¶ 7.) On or about November 7, 2017, the City entered into an agreement with VWNA, a company which operates water treatment and wastewater facilities ("the Agreement").[1] (Id., ¶¶ 8, 11.) The Agreement required VWNA to provide construction services to operate, maintain, repair, and perform other improvements to the Treatment Plants. (Id., ¶ 11.) The Agreement expressly contemplated that VWNA would provide the necessary labor, services, and materials in connection with the operation, maintenance, and repair of the Treatment Plants for one year commencing on November 8, 2017. (Id., ¶ 12.) Thereafter, the Agreement would automatically renew for successive one-year terms unless either party cancelled the agreement in writing "no less than 120 days prior to expiration." (Id.)

Pursuant to Section 9.1 of the Agreement, the Agreement was automatically renewed, the initial term was extended until

---

[1] A copy of the Agreement is attached to the Complaint as Doc. #1-1.

November 7, 2019, and VWNA made all necessary arrangements to perform under the extended Agreement. (Doc. #1, ¶ 13.) Per the Agreement, the City "agreed to compensate VWNA in twelve monthly installments" and plaintiff asserts that as a municipality and in furtherance of its financial obligations under the Agreement, the City was bound and obligated to make payments to VWNA in accordance with Florida's Prompt Payment Act, Fla. Stat. § 218.70, et seq. (Id., ¶ 14.)

On or about September 11, 2018, the City breached the Agreement by failing to pay for services, and on or about September 28, 2018, the Agreement was terminated as a result of the City's material breach. (Doc. #1, ¶¶ 15, 16.) As of November 2018, the City owed VWNA in excess of $445,000.00 for billed invoices, and reimbursable expenses owed under the Agreement for work and services performed through November 2018. (Id., ¶ 17.) VWNA is also owed lost profits arising out of the Agreement's extension through November 7, 2019. (Id.)

Both parties agree that VWNA is owed money under the Agreement, but dispute the amount owed and who should calculate the damages. Indeed, the City's Amended Counterclaim for equitable accounting alleges that because the invoices under the Agreement were complicated and extensive it is not clear what amount plaintiff is owed under the Agreement and requests that the

Court compel plaintiff to render an accounting of the services to an auditor. (Doc. #42, pp. 4-5.)

Plaintiff's moves to dismiss, arguing that the equitable relief requested in the Amended Counterclaim is an attempt to circumvent plaintiff's Seventh Amendment right to a jury trial on its breach of contract claim[2] because if the City's equitable accounting claim is granted, VWNA's damages would be predetermined. VWNA also argues that the City fails to plead entitlement to an equitable accounting under Florida law.

**II.**

A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Fabricant v. Sears Roebuck, 202 F.R.D. 306, 308 (S.D. Fla. 2001. Under Federal Rule of Civil Procedure 8(a)(2), a counterclaim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See

---

[2] Plaintiff's Complaint included a demand for a jury trial and the City has not objected to the jury demand. (Doc. #1.)

also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a counterclaim as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Under Florida law, "there can be grounds for an equitable accounting where the contract demands between litigants involve extensive or complicated accounts and it is not clear that the

remedy at law is as full, adequate and expeditious as it is in equity." Chiron v. Isram Wholesale Tours and Travel Ltd., 519 So. 2d 1102, 1103 (Fla. 3d DCA 1988) (citing F.A. Chastain Constr. Inc. v. Pratt, 146 So. 2d 910, 913 (Fla. 3d DCA 1962)). In addition, a party seeking an equitable accounting must show the existence of a fiduciary relationship. Kee v. Nat'l Reserve Life Ins. Co., 918 F.2d 1538, 1540 (11th Cir. 1990).

VWNA asserts that the City failed to adequately allege a valid counterclaim for an equitable accounting because it failed to plead the existence of a complex transaction, overlooks the fact that the City has an adequate remedy at law arising from VWNA's breach of contract claim, and fails to allege the existence of a fiduciary relationship.

"The elements of a cause of action for breach of fiduciary duty are (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach." Miller v. Miller, 89 So. 3d 962 (Fla. 5th DCA 2012) (quoting Crusselle v. Mong, 59 So. 3d 1178, 1181 (Fla. 5th DCA 2011)). Fiduciary relationships are either expressly or impliedly created. Capital Bank v. MVB, Inc., 644 So. 2d 515, 518 (Fla. 3d DCA 1994). When a fiduciary relationship has not been created by an express agreement, the question of whether the relationship exists generally depends "upon the specific facts and circumstances surrounding the relationship of the parties in a transaction in which they are

involved." Collins v. Countrywide Home Loans, 680 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010) (quoting Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So. 2d 536, 540 (Fla. 5th DCA 2003)).

Here, the Amended Counterclaim (Doc. #42) does not include any allegations regarding fiduciary duty. Although the City alleges the existence of a contract between the parties, the Court will not assume that the existence of the contract alone created a fiduciary relationship between the parties. Indeed, a contract may explicitly state that no fiduciary relationship is formed between the parties by the existence of the contract or include other terms that could inform the Court's analysis regarding equitable accounting. Additionally, the City makes no argument and cites no facts from which the Court should imply that a fiduciary relationship exists. The Court is also not convinced without more detailed allegations that the invoices are so complex that it is impossible to determine the nature of the cost in the invoices. The allegations in this regard are wholly conclusory. However, the City will be provided the chance to amend.[3]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Counter-Defendant Veolia Water North America – South, LLC's Motion to Dismiss First Amended Counterclaim (Doc. #51) is **GRANTED**

---

[3] If the City chooses to file a Second Amended Counterclaim VWNA may re-raise the jury trial issue.

and the Amended Counterclaim (Doc. #42) is **dismissed without prejudice** to filing a Second Amended Counterclaim within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record